**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Andrea L. Dyer, | |
| Plaintiff, | Case No. 1:14-cv-07503 |
| v. | The Honorable Judge John R. Blakey |
| Sanford Kahn, Ltd., | |
| Defendant. | |

<u>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**</u>

Defendant, Sanford Kahn, Ltd., by its attorney, Michael Griffin of Sanford Kahn, Ltd.,

answers Plaintiff Andrea L. Dyer's complaint as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action for damages for Defendant's violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA").

**ANSWER:     Defendant admits that Plaintiff brought this action for alleged violations of**

**the FDCPA.  Defendant denies that it violated the FDCPA and denies any other allegations**

**of paragraph 1 of Plaintiff's Complaint.**

**JURISDICTION AND VENUE**

2.      This action arises under and is brought pursuant to the FDCPA.  Subject matter

jurisdiction is conferred upon this Court by 15 U.S.C. §1692 (FDCPA) and 28 U.S.C. §§1331,

1337, as this action arises under the laws of the United States.

**ANSWER:     Defendant admits that Plaintiff brought this action for alleged violations of**

**the FDCPA.  Defendant admits that this Court has subject matter jurisdiction to hear**

**claims under the FDCPA. Defendant denies any other allegations of paragraph 2 of Plaintiff's Complaint.**

3.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claim occurred within the Northern District of Illinois.

**ANSWER:     Defendant admits that it conducts business in the Northern District of Illinois. Defendant lacks information or knowledge sufficient to form a belief whether all of the events or omissions giving rise to Plaintiff's Complaint occurred within the Northern District of Illinois. Defendant denies any other allegations of paragraph 3 of Plaintiff's Complaint.**

PARTIES

4.      Andrea is a natural person who resides in the Northern District of Illinois and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

**ANSWER:     Defendant objects to the allegations of paragraph 4 of Plaintiff's Complaint to the extent they call for purely legal conclusions to which no response is required. Without waiving said objection, on information and belief, Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to where Plaintiff currently resides. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff is a "consumer" under the FDCPA. Defendant denies any remaining allegations in paragraph 4 of Plaintiff's Complaint.**

5.      At all times relevant to the action, Sanford was a corporation in the state of Illinois with headquarters located at 180 North LaSalle Street, #2025, Chicago, Illinois 60601.

2

**ANSWER: Defendant admits that it is a corporation in the State of Illinois with headquarters located at 180 N. LaSalle St., Ste. 2025, Chicago, IL 60601. Defendant denies any remaining allegations in paragraph 5 of Plaintiff's Complaint.**

6. Sanford is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: Defendant objects to the allegations of paragraph 6 of Plaintiff's Complaint to the extent they call for purely legal conclusions to which no response is required. Without waiving said objection, Defendant admits that under certain circumstances and certain instances, it acts as a "debt collector" as that term is defined in the FDCPA. Defendant denies any remaining allegations in paragraph 6 of Plaintiff's Complaint.**

**FACTS SUPPORTING CAUSE OF ACTION**

7. Mobile Management ("Mobile") and Paradise MHC LLC ("Paradise") have been attempting to collect from Andrea an alleged consumer debt in the amount of $895.00.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to what Mobile and Paradise have been doing. Further, Defendant is without knowledge or information sufficient to form a belief as to whether the financial obligation incurred by Plaintiff is a "consumer debt" under the FDCPA. Defendant denies any remaining allegations in paragraph 7 of Plaintiff's Complaint.**

8. On March 4, 2014, Sanford, on behalf of Mobile and Paradise, filed a complaint in the Circuit Court of Cook County, Illinois against Andrea. The case was captioned *Mobile Management and Paradise MHC LLC v. Andrea L. Dyer*, case number 2014 M1 704766 ("Collection Case"). *See* Exhibit A, a true and correct copy of the Collection Case court docket.

**ANSWER:      On information and belief, Defendant admits the allegations of paragraph 8 of Plaintiff's Complaint.**

9.      Sanford filed the Collection Case at the Richard J. Daley Center Courthouse.  *Id*.

**ANSWER:      On information and belief, Defendant admits the allegations of paragraph 9 of Plaintiff's Complaint.**

10.      The Richard J. Daley Center Courthouse serves Cook County's First Municipal District. *See* Exhibit B, a true and correct copy of a map of the Circuit Court of Cook County Municipal Districts and Courthouses.

**ANSWER:      On information and belief, Defendant admits the allegations of paragraph 10 of Plaintiff's Complaint.**

11.      Civil matters that do not meet the damages threshold to be filed in the Law Division of the Circuit Court of Cook County are assigned to the Circuit Court's Civil/Municipal Division.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of Plaintiff's Complaint.**

12.      Cases filed in the First Municipal District are identified by the abbreviation "M1."

**ANSWER:      On information and belief, Defendant admits the allegations of paragraph 12 of Plaintiff's Complaint.**

13.      Andrea resides at 1916 West 167th Street, Markham, Illinois 60428.

**ANSWER:      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of Plaintiff's Complaint.**

14.      Markham, Illinois is located within Cook County, but is located within the Circuit Court of Cook County's Sixth Municipal District.  *Id.*

**ANSWER:    On information and belief, Defendant admits the allegations of paragraph 14 of Plaintiff's Complaint.**

15.     The Markham Courthouse is the courthouse that serves the Circuit Court of Cook County's Sixth Municipal District.  *Id.*

**ANSWER:    On information and belief, Defendant admits the allegations of paragraph 15 of Plaintiff's Complaint.**

16.     The Richard J. Daley Center Courthouse is 24 miles from Andrea's home.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of Plaintiff's Complaint.**

17.     In contrast, the Markham Courthouse is 1.5 miles from Andrea's home.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Complaint.**

18.     In order for Andrea to travel to the Markham Courthouse from her home, she would merely have to drive on 167th Street and park in the free parking lot at the Markham Courthouse.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of Plaintiff's Complaint.**

19.     According to Google Maps, the trip would take about 2 minutes.

**ANSWER:    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of Plaintiff's Complaint.**

20.     In order for Andrea to travel to the Richard J. Daley Center Courthouse, she must first take Interstate 57 North to Chicago, locate expensive parking for her vehicle, and make her way there either on foot or via taxi.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of Plaintiff's Complaint.**

21.     According to Google Maps, this trip will take 29 minutes excluding the time spent in traffic, locating parking, and actually making the trek to the Richard J. Daley Center Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of Plaintiff's Complaint.**

22.     The courthouse closest to Andrea's home is the Markham Courthouse.

**ANSWER:** **Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of Plaintiff's Complaint.**

## COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Andrea repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

**ANSWER:** **Defendant restates and realleges its answers to paragraphs 1 through 22 as though fully set forth herein.**

24.     The Collection Case was an attempt to collect a "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant objects to the allegations of paragraph 24 of Plaintiff's Complaint to the extent they call for purely legal conclusions to which no response is required. Without waiving said objection, Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff's financial obligation in the "Collection Case" is a "consumer debt" under the FDCPA. Defendant denies any remaining allegations in paragraph 24 of Plaintiff's Complaint.**

25.     15 U.S.C. §1692i(a)(2) requires that a debt collector sue a consumer in the judicial

district or similar legal entity where the consumer resides at the commencement of the action.

**ANSWER:     Defendant admits that paragraph 25 of Plaintiff's complaint is an**

**approximate, although incomplete and cursory, summary of 15 U.S.C. § 1692i(a)(2).**

**Defendant denies any remaining allegations in paragraph 25 of Plaintiff's Complaint.**

26.     The closest courthouse to Andrea is the Markham Courthouse.

**ANSWER:     Defendant lacks knowledge or information sufficient to form a belief as to the**

**truth of the allegations in paragraph 26 of Plaintiff's Complaint.**

27.     Sanford violated 15 U.S.C. §1692i(a)(2) when it filed the Collection Case at the Richard

J. Daley Center Courthouse, a location some 22.5 miles further from Andrea's house than the

Markham Courthouse.

**ANSWER:     Defendant objects to the allegations of paragraph 27 of Plaintiff's Complaint**

**to the extent they call for purely legal conclusions to which no response is required.**

**Without waiving said objection, Defendant denies the allegations of paragraph 27 of**

**Plaintiff's Complaint.**

28.     Sanford sued Andrea at a remote courthouse in order to discourage her from appearing

and defending the Collection Case.

**ANSWER:     Defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.**

29.     Sanford's unlawful collection activities constitute abusive forum-shopping in violation of

the FDCPA.

**ANSWER:     Defendant objects to the allegations of paragraph 29 of Plaintiff's Complaint**

**to the extent they call for purely legal conclusions to which no response is required.**

Without waiving said objection, Defendant denies the allegations of paragraph 29 of

Plaintiff's Complaint.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's

wrongfully brought action.

<u>AFFIRMATIVE DEFENSE I</u>
<u>BONA FIDE ERROR</u>

1.      Defendant is a law firm that primarily represents landlords seeking to recover possession

of leased premises from tenants who are usually delinquent in rent.  Plaintiff is a former tenant of

a landlord that Defendant represented to recover possession of an apartment leased to Plaintiff

after Plaintiff failed to pay rent.

2.      On March 4, 2014, the date Defendant filed a forcible entry and detainer complaint

against Plaintiff, the Circuit Court of Cook County constituted one "judicial district" under the

FDCPA.  *Newsom v. Friedman*, 76 F.3d 813, 819 (7th Cir. 1996) *overruled by Suesz v. Med-1*

*Solutions, LLC*, 757 F.3d 636 (7th Cir. July 2, 2014) (*en banc*).

3.      The Municipal Department districts in the Circuit Court of Cook County did not

constitute "judicial districts" or "similar legal entities" under the FDCPA when Defendant filed a

complaint against Plaintiff on March 4, 2014.  *Id.*

4.      On October 31, 2013, in *Suesz v. Med-1 Solutions, LLC*, 734 F.3d 684, 688 (7th Cir.

2013), *reversed on rehg. en banc*, 757 F.3d 636 (7th Cir. July 2, 2014), *cert. denied*, 135 S. Ct.

756 (2014), the Seventh Circuit United States Court of Appeals relied extensively on the holding

in *Newsom v. Friedman*, 76 F.3d 813, 819 (7th Cir. 1996), that the Municipal Department

districts in the Circuit Court of Cook County did not constitute "judicial districts" or "similar

legal entities" under the FDCPA.  The Seventh Circuit's extensive reliance on *Newsom v.*

*Friedman* constituted its express approval of the holding that the Municipal Department districts

in the Circuit Court of Cook County did not constitute "judicial districts" or "similar legal entities" under the FDCPA.

5.       When Defendant filed a complaint against Plaintiff on March 4, 2014, the holding established in *Newsom v. Friedman*, and relied extensively on by a panel of the Seventh Circuit in *Suesz v. Med-1 Solutions, LLC*, 734 F.3d 684, 688 (7th Cir. 2013)—that Municipal Department districts in the Circuit Court of Cook County did not constitute "judicial districts" or "similar legal entities" under the FDCPA—was settled law for approximately 18 years.

6.       If the Court finds that Defendant violated the FDCPA, Defendant's violation was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

7.       Defendant maintains procedures and protocols to comply with and conform to the requirements of the FDCPA and the legal authority interpreting the FDCPA.

8.       These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case.

9.       Here, Defendant relied on settled, well-established Seventh Circuit authority that Municipal Department districts in the Circuit Court of Cook County did not constitute "judicial districts" or "similar legal entities" under the FDCPA.

10.      Accordingly, any violation of § 1692i(a)(2) of the FDCPA constitutes a bona fide error by Defendant.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court:

    A.       Enter judgment in Defendant's favor and against Plaintiff;

    B.       Award costs to Defendant; and

    C.       Grant such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSE II
## PLAINTIFF LACKS STANDING TO MAINTAIN THIS ACTION BECAUSE THE TRUSTEE IN PLAINTIFF'S BANKRUPTCY CASE HAS THE EXCLUSIVE RIGHT TO SUE ON PLAINTIFF'S ALLEGED CAUSE OF ACTION

11.     On information and belief, on January 31, 2014, Plaintiff filed a bankruptcy petition in United States Bankruptcy Court, Northern District of Illinois, case no. 1:14-bk-3063, petition no. 14-03063.

12.     A debtor's bankruptcy estate is comprised of all legal or equitable interests of the debtor as of the commencement of the bankruptcy case.

13.     A cause of action, such as Plaintiff's alleged cause of action in the case at bar, constitutes a legal interest of a debtor in bankruptcy and is, therefore, part of the debtor's bankruptcy estate.

14.     On information and belief, a trustee served in Plaintiff's bankruptcy case.

15.     Where a trustee serves in a bankruptcy case, the debtor must surrender all property of the bankruptcy estate to the trustee.

16.     The trustee in bankruptcy has the exclusive authority to sue on causes of action that belong to the debtor's bankruptcy estate.

17.     The trustee in Plaintiff's bankruptcy case has the exclusive right to sue on Plaintiff's claim against Defendant.  Accordingly, Plaintiff lacks standing to maintain the instant lawsuit against Defendant.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court:

   A.     Enter judgment in Defendant's favor and against Plaintiff;

   B.     Award costs to Defendant; and

   C.     Grant such other and further relief as the Court deems just and equitable.

### AFFIRMATIVE DEFENSE III
### DEFENDANT VOLUNTARILY DISMISSED THE UNPAID RENT CLAIM AGAINST PLAINTIFF IN THE FORCIBLE ENTRY AND DETAINER CASE AND SOUGHT, AND OBTAINED, ONLY AN ORDER FOR POSSESSION OF THE SUBJECT APARTMENT

18.     Plaintiff's claim against Defendant arises out of Defendant filing a forcible entry and detainer complaint against Plaintiff to recover possession of an apartment that Plaintiff leased and for which she failed to pay rent.

19.     When Defendant filed the complaint on March 4, 2014, it sought (1) possession of the apartment and (2) unpaid rent.

20.     Eleven days after Plaintiff was served with process in the forcible entry and detainer action, Defendant voluntarily dismissed the unpaid rent claim against Plaintiff and sought, and obtained, only an order for possession of the subject apartment.

21.     Suing for, and obtaining only, an order for possession of an apartment is not suing for a "debt" under the FDCPA.

22.     Accordingly, Defendant is not liable to Plaintiff under the FDCPA.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court:

A.     Enter judgment in Defendant's favor and against Plaintiff;

B.     Award costs to Defendant; and

C.     Grant such other and further relief as the Court deems just and equitable.

Date: March 24, 2015

Respectfully submitted,
Sanford Kahn, Ltd.


/s/ Michael Griffin

Michael Griffin (IL Bar No. 6317391)
Sanford Kahn, Ltd.
180 N. LaSalle St., Ste. 2025
Chicago, IL 60601
Tel: 312-263-6778
Fax: 312-263-5570
Email: mgriffin@sanfordkahnltd.com